## The People of the State of Illinois, Defendant in Error, v. Margaret Fitzpatrick, Plaintiff in Error.

### Gen. No. 20,233.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 23, 1915.

### Statement of the Case.

Prosecution by The People of the State of Illinois, plaintiff, against Margaret Fitzpatrick, defendant.

On January 9, 1914, an information, signed by Thomas H. Sweeney and verified by his affidavit, was filed in the Municipal Court of Chicago, charging that Margaret Fitzpatrick, "is an idle and dissolute person, is a common night walker and goes about the public streets soliciting men for the purpose of prostitution; is lewd, wanton and lascivious in speech, person and behavior; is idle and neglectful of all lawful business and did habitually mis-spend her time by frequenting houses of ill-fame and tippling shops." By order of the chief justice of the Municipal Court the cause was set for trial before the Hon. Charles H. Bowles, a judge of the City Court of Chicago Heights, Cook County, Illinois, who was holding a branch of the Municipal Court at the request of the judges of said Municipal Court.

Defendant pleaded not guilty and demanded a jury trial, and the jury having found her guilty and a sentence of six months' imprisonment in the House of Correction having been imposed, defendant prosecutes this writ of error.

EUGENE A. MORAN, for plaintiff in error; RANKIN & MORAN, of counsel.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON and JAMES C. DOOLEY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 35*—*when information by another than Attorney General or State's Attorney sufficient.* Criminal cases in the Municipal Court of Chicago in which the punishment is by fine or imprisonment otherwise than in the penitentiary may be prosecuted by the information of another than the Attorney General or State's Attorney, but in such cases the information must be verified by the affidavit of such other person.

2. MUNICIPAL COURT OF CHICAGO, § 4*—*when judge of court of another city may sit.* Under section 13 of the Municipal Court Act (J. & A. ¶ 3325) a judge of the City Court of Chicago Heights who has been requested by the judges of the Municipal Court of Chicago to hold a branch of the latter court has jurisdiction to try causes brought in such branch.

3. CRIMINAL LAW, § 162*—*when evidence sufficient to show defendant to be a vagabond.* Where on an information under Illinois R. S., ch. 38, sec. 270 (J. & A. ¶ 3962) the testimony of the six witnesses for the People is to the effect that defendant was a common night walker and prostitute, was dissolute, neglectful of all lawful business and habitually misspent her time frequenting tippling shops, while defendant, who is the only witness for the defense, denies the charges and states that she is engaged in doing housework for her employer, receiving therefor five dollars a week and her room and board and that she also receives ten dollars a week from her husband who lives in California, the evidence is sufficient to support a verdict finding her guilty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.